XUE MEI PAN, Chang Ying Lin, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 03–40231–ag.

United States Court of Appeals, Second Circuit.

June 21, 2006.

Xue Mei Pan, Chang Ying Lin, New York, New York, for Petitioner.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Xue Mei Pan and Chang Ying Lin, *pro se*, petition for review of the BIA's denial of their motion to reopen their deportation proceedings. We assume the parties' fa-miliarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

When a timely petition has been filed from the denial of a motion to reopen only and not from the underlying order, this Court limits its review to the denial of the motion. *Kaur*, 413 F.3d at 233. "[A]n alien may file only one motion to reopen ... proceedings ... and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). An exception to time and numerical limitations for a motion to reopen provides that a motion to reopen will not be time or number barred where the motion is for the purpose of seeking asylum or withholding "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii). Changed personal circumstances do not fall within the scope of this exception. *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision [and]

must be filed with the Board within 30 days after the mailing of the Board decision.... A party may file only one motion to reconsider." *Id.* § 1003.2(b)(2).

Here, Pan and Lin's appeal is only timely as to the BIA's June 2003 decision, and that is therefore the only decision this Court can review. The BIA acted reasonably in denying Pan and Lin's motion. To the extent that the motion was a motion to reopen, it is numerically barred because Pan and Lin each filed a prior motion to reopen, and these motions were separately denied by the BIA in October 2002 and December 2002. Furthermore, Pan and Lin do not meet the requirements of the exception to the numerical bar based on the birth of their child in the United States. A birth of a child in the United States constitutes changed personal circumstances of the parents and not changed circumstances in China and therefore does not fall within the scope of the exception to the numerical bar. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir. 2005). To the extent the motion was a motion for reconsideration, the BIA acted reasonably in not reconsidering the prior orders because the motion did not specify the error of the prior decisions.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).